In Re: Annexation of a Portion of the Township of Franklin by the Borough of Delmont.

Argued February 18, 1971, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

*Henry A. Hudson, Jr.,* with him *Costello & Snyder,*
for appellant.

*Robert Y. Cassol,* with him, *Redlich, Cassol, Redlich & Morocco; Richard A. Zappala, Zappala & Zappala,* for appellee.

Opinion by Judge Mencer, April 15, 1971:

In September, 1969, annexation proceedings were
commenced to annex approximately 80 acres of land

situate in the Township of Franklin into the Borough of Delmont, both political subdivisions being in Westmoreland County. The Township of Franklin filed an appeal complaint as to the legality of the annexation ordinance under Section 1010 of the Act of February 1, 1966, P. L. (1965) , No. 581, as amended by the Act of October 9, 1967, P. L. , No. 181, 53 P.S. §46010. The Borough of Delmont et al., petitioned the Court of Common Pleas of Westmoreland County for a rule to show cause why the appeal should not be quashed for the reason that the Township of Franklin had failed to enter into a recognizance with sufficient security, as required by said Section 1010 of the Act. On November 2, 1970, the lower court, by order, made the rule to show cause absolute and "quashed" the appeal complaint. This order, dated November 2, 1970, was entered and docketed in the Prothonotary's office on November 4, 1970. Fifty days thereafter, on December 24, 1970, the Township of Franklin filed this appeal, together with a petition for leave to file an appeal *nunc pro tunc*. The Borough of Delmont filed a reply to the petition and a motion to quash the appeal as untimely filed.

Section 502(a) of the Appellate Court Jurisdiction Act of July 31, 1970, P. L. , 17 P.S. §§211.101-211.510, provides: ". . . [A]n appeal under this act from any order shall be filed within thirty days of its entry." Section 510 of this Act provided for the determination of the effective date of the Appellate Court Jurisdiction Act of 1970 and, in accordance with its provisions, September 11, 1970, became the effective date. Therefore, this instant appeal is subject to the thirty-day appeal period of Section 502(a).

The decisional law mandates strict compliance with statutory provisions for appeal. *Kravitz v. Zoning Board of Adjustment*, 415 Pa. 97, 202 A. 2d 64 (1964); *Blank v. Board of Adjustment*, 390 Pa. 636, 136 A. 2d

695 (1957). The Supreme Court of Pennsylvania indicated in the recent case of *Commonwealth v. Philadelphia Eagles, Inc.*, 437 Pa. 25, 261 A. 2d 309 (1970), that it continues to insist upon such strict compliance. This conclusion is no less correct because the *Eagles* case dealt with the perfecting of an appeal as distinguished from the effecting of an appeal in the first instance.

The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of a court and its competency to act. See *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A. 2d 203 (1965). It is the general rule that, where an act of assembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act *nunc pro tunc*. *Tuttle Unemployment Compensation Case*, 160 Pa. Superior Ct. 46, 49 A. 2d 847 (1946); *Yeager v. United Natural Gas Company*, 197 Pa. Superior Ct. 25, 176 A. 2d 455 (1961); *Morgan v. Pittsburgh Business Properties, Inc.*, 198 Pa. Superior Ct. 254, 181 A. 2d 881 (1962). Two notable exceptions to this general rule are where there is presence of fraud or a breakdown in the court's operation to the prejudice of a party (*Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938)); *See Christiansen v. Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 32 (1971), or where the failure of a defendant in a criminal case to take a timely appeal is the result of an unconstitutional deprivation of the assistance of counsel (*Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 220 A. 2d 883 (1966)).

In *Nixon v. Nixon, supra*, it was recognized that certain extraordinary circumstances might satisfactorily explain a delay in filing an appeal and failure to

allow an appeal *nunc pro tunc* would work a grave injustice. However, the court emphasized that any such allowance must be based on extraordinary conditions and must involve fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured. In that case, the plaintiff instituted a divorce proceedings and the defendant was served by publication. The defendant did not appear and a decree in divorce was granted. A short time later, after plaintiff had remarried, the defendant petitioned to have the decree vacated on a jurisdictional question. The lower court vacated the decree and on appeal the Superior Court affirmed. The plaintiff, on appeal to the Supreme Court, shortly after the forty-five day limit then applicable for such appeals, averred that, although the custom of the Superior Court was for the Prothonotary of that Court to send notice to counsel of the entry of an order, such notice in his case was not sent. It is important to note that the Supreme Court made special reference to the fact that this averment of the plaintiff was not specifically denied by the defendant. Plaintiff further stated that he remained unaware of the decision and order of the Superior Court until the decision appeared in the Advance Reports.

The Supreme Court reviewed, at page 261, the custom of the Superior Court as follows: "Despite the fact there is no statute or written rule of court requiring the prothonotary of the Superior Court to issue notices when orders have been entered, we understand that he has customarily assumed such a duty. This practice, grown to a custom, to notify counsel of the decisions of the Supreme and Superior Courts likewise obtains in the Eastern and Western districts. Neither appellant nor his counsel knew, nor had any reason to believe, there had been a mistake in the prothonotary's office. Under the circumstances they were entitled to

expect this notice. The Harrisburg District is composed of twelve counties, and the opinions on cases arising there are handed down at various places at which the court sits, usually cities other than Harrisburg. Counsel lives in Adams County, and it would impose too great a burden to require him to daily inform himself by telephone."

Because of this admitted error, not present here, the Supreme Court, in *Nixon*, allowed the appeal *nunc pro tunc*. However, the Court made very clear that the only reason for doing so was because the appellant contended and averred, and such averment was not denied, that an error had been committed in the prothonotary's office. The Court carefully pointed out that the controlling factor is whether the notice was sent as distinguished from the irrelevant fact of whether or not the appellant received the notice. The Court said in this regard, at page 262: "But, it must be understood that, if it appears of record that the prothonotary's office sent a postal notice, this will satisfy all requirements of the custom and cannot be disputed." In *W. W. Grainger, Inc. v. Ruth*, 192 Pa. Superior Ct. 446, 449, 161 A. 2d 644, 646 (1960), the Superior Court said: "In the instant case, even if it had been properly proved, lack of knowledge or notice of the entry of the judgment by the alderman is not a sufficient reason [to permit an appeal nunc pro tunc]. *Adelman v. McShain*, 148 Pa. Superior Ct. 138, 24 A. 2d 703 (1942)."

Here the Township of Franklin has not attempted to show any fraud. It has also failed to show a breakdown in the court's operations. In fact, the only thing that it does allege is that it did not receive a copy of the opinion and order filed November 4, 1970, and that hardship would result if the appeal is not allowed. Hardship alone is not a justification for the allowing of an appeal *nunc pro tunc*. *Tuttle Unemployment Compensation Case*, supra. Likewise, failure to receive

502

notice by itself is not sufficient reason for allowing a *nunc pro tunc* appeal. *Nixon v. Nixon, supra.*

The burden is upon the Township of Franklin to show fraud or a breakdown in the court's operations and it has not met its burden in this case. Actually, the Borough of Delmont has offered convincing proof that, in fact, no breakdown occurred in the customary manner of providing such notices in Westmoreland County. The affidavit of the secretary of Judge Weiss indicates that she, in compliance with custom in Westmoreland Court, sent notice in this case to all counsel of record. This satisfies the criteria set forth in *Nixon v. Nixon, supra,* which we factually distinguish from the instant case.

Accordingly, the petition of the Township of Franklin for leave to file this appeal *nunc pro tunc* is dismissed and the motion to quash this appeal is granted.

The appeal is quashed.