Municipal Authority of Westmoreland County, Appellant, *v.* Donald R. Patterson and Edna Patterson, His Wife, Appellees.

Argued May 9, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Thomas R. Ceraso,* for appellant.

*Frank C. Carroll,* with him *George R. Sewak* and *Bloom, Bloom, Rosenberg & Bloom,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 30, 1974:

This is an appeal from an Order of the Court of Common Pleas of Washington County dismissing a Motion of the Municipal Authority of Westmoreland County (Appellant) seeking, *inter alia,* leave to file an appeal nunc pro tunc from an award of the Board of View.

This case involves the condemnation by Appellant of approximately 2.68 acres of land located in the Township of Union, Washington County, Pennsylvania. On January 26, 1971, the Declaration of Taking was filed by Appellant and the Board of View was appointed on November 29, 1971. On June 15, 1973, one of the members of the Board of View was replaced by Order of Court, but the Order was not filed until June 24, 1973. A stipulation was entered on June 27, 1973 between counsel for the condemnor and condemnee, reciting that the Board of View would make an award based on a view of the property and any appraisal report submitted on or before June 29, 1973. On July 9, 1973, notice that the final report of the Viewers would be filed on July 24, 1973 was sent to the interested parties. On July 24, 1973, the final report of the Viewers, along with the June 15th Order of Court replacing one of the Viewers was filed.

Appellant presented Motions to the Court of Common Pleas, Washington County, on August 27 and

August 19, 1973, both of which were filed September 5, 1973, seeking either the allowance of an appeal nunc pro tunc or the formation of a new Board of View. The Court refused the original motion on September 5, 1973, and on October 5, 1973, signed a further Order stating that its September 5th Order disposed of all Motions filed by Appellant.

Appellant has appealed the Order of October 5, 1973, to this Court.

Section 515 of the Eminent Domain Code, Act of June 22, 1964, P. L. 84, Art. V, *as amended,* 26 P.S. §1-515, provides in pertinent part: *"Any party aggrieved by the decision of the viewers may appeal to the court of common pleas within thirty days from the filing of the report. The appeal shall raise all objections of law or fact to the viewers' report.* The appeal shall be signed by the appellant or his attorney or his agent and no verification shall be required. *Any award of damages or assessment of benefits, as the case may be, as to which no appeal is taken within thirty days, shall become final as of course and shall constitute a final judgment. . . ."* (Emphasis supplied.)

The Board of View filed its final report on July 24, 1973. The Appellants failed to file an appeal with the court of common pleas within the thirty days permitted. The thirty day time limit for filing an appeal is mandatory, *Condemnation of Rizzo,* 51 D. & C. 2d 410 (1971) and the court below correctly recognized that the substance of Appellant's Motions, filed well past the prescribed period, were matters that would have been the proper subject of an appeal from the final award of the Board of Viewers. Appellant was apprised of the date of filing of the final report, and has presented no compelling reason, e.g., fraud[1] to

---

[1] *See U. S. v. 247 Acres of Land, more or less, City of Pittsburgh, Pa.,* 104 F. Supp. 938 (W.D. Pa. 1952).

suggest why it failed to appeal the report within the prescribed thirty days. This being so, we conclude that the court below properly dismissed the various Motions of the Appellant.

Order affirmed.