Catherine Hineline, Widow, Harry Hineline and Anna Marie Hineline, His Wife, and Jack Harlan Hineline, Executor of the Estate of Joseph Hineline, Deceased, Plaintiffs, *v.* The General State Authority of the Commonwealth of Pennsylvania, Defendant.

Argued June 3, 1974, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Ronald J. Mishkin,* with him *George T. Robinson,
Mervine, Brown and Newman* and *Robinson and Hoff-
ner,* for plaintiffs.

*H. Warren Ragot,* Assistant General Counsel, with
him *Michael A. Madar,* General Counsel, for defendant.

OPINION BY JUDGE KRAMER, August 7, 1974:
This is a case in mandamus intended to come with-
in the original jurisdiction of this Court. It involves
a complaint filed by Catherine Hineline, widow, Harry
Hineline and Anna Marie Hineline, his wife, and Jack
Harlan Hineline, Executor of the Estate of Joseph Hine-
line, deceased (hereinafter collectively referred to as
Hineline), praying for a writ of mandamus directing
the General State Authority of the Commonwealth of
Pennsylvania (GSA) to pay the sum of $6,136.56, to-
gether with interest from September 14, 1972 to the
date of payment.
Hineline owned certain realty in the Borough of
East Stroudsburg, Monroe County, for which the GSA
filed a declaration of taking March 7, 1967 with the

Court of Common Pleas of that county. On September 14, 1967, GSA made a partial payment to Hineline of $75,000. On November 20, 1970, the Board of Viewers appointed by the court filed their report dated November 18, 1970, wherein it awarded Hineline $168,000. On February 3, 1971, GSA attempted to take an appeal (nunc pro tunc), but this was quashed apparently on the basis of untimeliness, and no further appeal was taken. On September 11, 1972, Hineline made a demand upon GSA for an alleged net balance due in the amount of $126,136.56. That claim was based upon the following computation:

| | |
|---|---:|
| Award of Board of Viewers | $168,000.00 |
| Detention damages due on the award for a period from March 7, 1967 (the date of taking) to September 14, 1967 (the date on which partial payment was made by GSA in the amount of $75,000) at the rate of six percent per annum | 5,236.56 |
| Detention damages on the balance of said Award due ($93,000) for the period from September 14, 1967 to September 11, 1972, at the rate of six percent per annum | 27,900.00 |
| Total | $201,136.56 |
| Less credit for September 14, 1967 payment | − 75,000.00 |
| Balance Due | $126,136.56 |

On October 13, 1972, GSA offered to settle the case for a total payment of $120,000. On November 24, 1972, Hineline accepted the payment of $120,000 on account, reserving a right to collect any alleged balance which

might be due. As the above statistics indicate, Hineline claims that there is still due and owing the amount of $6,136.56 in unpaid detention damages.

GSA appended new matter to its answer to Hineline's complaint. The new matter raised several issues of fact, including an allegation that Hineline did not relinquish possession of the subject realty until long after the declaration of taking was filed. Hineline filed an answer to GSA's new matter, and added additional new matter which in reality did not raise any allegations of fact, but rather involved statements in the nature of preliminary objections. When GSA did not file an answer to this additional new matter, Hineline filed a motion for a judgment on the pleadings pursuant to Pa. R. C. P. Nos. 1034 and 1037(c). The matter came on for argument and is now ready for decision. Pa. R. C. P. No. 1034 reads: "(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. (b) The court shall enter such judgment or order as shall be proper on the pleadings." Pa. R. C. P. No. 1037(c) reads: "(c) In all cases, the court, on motion of a party, may enter an appropriate judgment against the party upon default or admission."

Hineline's motion for judgment on the pleadings must be denied for several reasons. First, the two paragraphs appended to Hineline's answer to GSA's new matter, which purport to be additional new matter, are in fact statements in the nature of a preliminary objection. They are not such new matter as would require an answer from the GSA. Secondly, under Pa. R. C. P. Nos. 1091 and 1017(a),[1] additional new mat-

---

[1] Section 1017(a) reads as follows: "(a) The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

ter is not a permissible pleading under the limitations there stated. Furthermore, in view of the fact that the allowable pleadings in this case raise substantial issues of fact, there is no way this Court can grant Hineline's motion for judgment on the pleadings.

The real problem in this case comes about as a result of the fact that the Board of Viewers failed to make a finding as to that date from which delayed damages or interest should accrue. Section 511 of the Eminent Domain Code (Code), Act of June 22, 1964, Spec. Sess., P. L. 84, P.S. §1-511(5) reads as follows: "The viewers shall file a report which shall include in brief and concise paragraph form: "(5) A schedule of damages awarded and benefits assessed, to and by whom payable, and for which property, separately stated as follows: general damages, moving and removal expenses, business dislocation damages and other items of special damages authorized by this act, *and the date from which damages for delays shall be calculated.*" (Emphasis added.) According to the record before us, the Board of Viewers failed to carry out this duty imposed upon it by the statute. Section 611 of the Code, 26 P.S. §1-611 sets forth the provisions for "delayed compensation," which read as follows: "The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall the condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six percent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delayed compensation shall be paid from the date of condemnation: Provided, however, That no compensation for delay shall be payable with respect to funds on account, or by

deposit in court, after the date of such payment or deposit. Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto. There shall be no further or additional payments of interest on the award or verdict." Section 515 of the Code, 26 P.S. §1-515 provides that any party aggrieved by the decision of the viewers may appeal to the court within thirty days from the filing of the viewers' report. Neither party in the suit before us took such an appeal within the specified period of time.

Hineline argues, however, that GSA had a duty to take an appeal so as to permit the Court of Common Pleas to direct the Board of Viewers to determine the time from which delayed compensation should be computed. Hineline concludes that in view of the fact that GSA did not take such an appeal, the statute provides that the delayed compensation must be paid from the date of the filing of the declaration. We do not so read the statute. Hineline had an equal opportunity or obligation to file an appeal if it was not satisfied with the report filed by the Board of Viewers. Hineline cites our opinion in *Nelis v. Redevelopment Authority of Allegheny County,* 4 Pa. Commonwealth Ct. 533, 287 A. 2d 880 (1972) as support for its argument that since GSA did not take an appeal, it waived its right to file exceptions to the report of the Board of Viewers. Hineline's argument, however, can be, and was utilized by GSA for the proposition that Hineline likewise waived any right to object to the report by not taking an appeal. Instead, Hineline waited two and a half years after the Board of Viewers' report was filed to bring this action in mandamus. Through mandamus Hineline now attempts to obtain delayed compensation back to the filing of the declaration when there is nothing on

the record to determine when Hineline delivered possession to GSA.

Mandamus is an extraordinary writ to which no one is absolutely entitled and which is appropriate only where there is a clear, well-defined legal right in the plaintiff. Mandamus is discretionary with the court and cannot be invoked in a doubtful case. *See Board of Supervisors of North Coventry Township v. Silver Fox Corporation,* 10 Pa. Commonwealth Ct. 646, 312 A. 2d 833 (1973). Considering the unresolved issues of fact involved in this case, there is no way this Court can determine, from the record before it, whether Hineline has any right to the relief demanded.

Our reading of the entire Eminent Domain Code permits us to conclude that the Legislature has not provided for those situations where a condemnee, who may be entitled as a matter of right to delayed compensation, cannot properly claim the amount due because the Board of Viewers did not carry out its statutory duty to determine the effective date. In our research of the law we find no case which would aid us in determining whether a condemnee may claim delayed compensation when it has not protected its right by filing a timely appeal to the report of the Board of Viewers. Our reading of the statute does permit us to conclude, however, that this Court does not have original jurisdiction to make a determination on the findings of fact which are within the exclusive jurisdiction of the Board of Viewers and the Courts of Common Pleas. Under the Eminent Domain Code, delayed compensation is a matter for those two bodies and is not within the province of this Court.

In reaching our determination of this case we do not decide whether the condemnee has a forum or an action to determine whether or not it has received all of its delayed compensation. Under the facts presented to us, Hineline has received some $27,000 more than the

amount of the award made in the report of the Board of Viewers. Whether or not this is all that Hineline is entitled to cannot be determined from the pleadings presented to us in this case. As a result of our holding that this Court does not have jurisdiction to make this determination, we

## ORDER

AND Now, this 7th day of August, 1974, the motion for judgment on the pleadings filed by Catherine Hineline, widow, Harry Hineline and Anna Marie Hineline, his wife, and Jack Harlan Hineline, executor of the Estate of Joseph Hineline, deceased, is hereby denied, and based upon the holdings as described in the above opinion, the complaint is dismissed.