Ben Hafetz and Hannah Hafetz, his wife, Appellees, *v.* Redevelopment Authority of The City of Wilkes-Barre, Appellant.

Argued April 2, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Donald D. McFadden,* with him *Flanagan, Doran, Biscontini & Shaffer,* for appellant.

*Sol Lubin,* with him *Hugh F. Mundy,* and *Winkler, Danoff, Lubin and Toole,* for appellees.

OPINION BY JUDGE MENCER, May 23, 1975:

On November 3, 1971, Benjamin Hafetz and Hannah Hafetz, husband and wife, entered into an agreement for the sale of a plot of land, with dimensions of 40 feet by 100 feet, to the Redevelopment Authority of the City of Wilkes-Barre (Redevelopment Authority). Thereafter, contrary to the agreement, they refused to convey their property to the Redevelopment Authority, and on January 17, 1972, the Redevelopment Authority filed a declaration of taking relative to the Hafetz property.

A board of view was appointed, and following a hearing on April 25, 1972, the board of view filed its report on August 22, 1972 and made an award to Mr. and Mrs. Hafetz of $500 for partial reimbursement of reasonable expenses actually incurred for appraisal and attorney fees and declared that the $21,500 already received by Mr. and Mrs. Hafetz under the agreement for sale was just compensation for their land. No appeal to the Court of Common Pleas of Luzerne County from the decision of the viewers was taken by the property owners until July 11, 1973.

On June 1, 1973, counsel for the Hafetzes requested the board of view to hold a second hearing for the purpose of passing on the claims of the tenants of the property for special damages for relocation and business removal expenses. The board of view complied with this request, a hearing was held on June 29, 1973, and on July 3, 1973 it filed its report titled "Claim for Damages by Tenants" and made an award of $5,003.50.

On September 10, 1973, the Redevelopment Authority filed with the Court of Common Pleas of Luzerne County a motion to quash the Hafetz appeal from the award of the board of view filed August 22, 1972, for the reason that it was untimely filed. The parties agreed that the

amount of damages should be determined by a judge without a jury, and a trial date of November 27, 1973 was set.

At the inception of the trial, counsel for the Redevelopment Authority requested a ruling on its motion to quash the appeal. The trial judge denied the motion to quash, allowed an exception to be noted for the Redevelopment Authority, and proceeded with the trial. On December 13, 1973, the trial judge rendered a verdict "in favor of the Plaintiff, Hannah Hafetz, Executrix of the Estate of Ben Hafetz, deceased, against the Defendant, Redevelopment Authority of the City of Wilkes-Barre, in the sum of Twenty-Five Thousand, Five Hundred ($25,500.00) Dollars. . . ."[1]

Four days after the verdict, on December 17, 1973, the Redevelopment Authority filed a motion for new trial, offering as one reason in support thereof that the appeal was filed "approximately eleven (11) months after the filing of the Board of View Report and, therefore, was not timely." On February 11, 1974, the attorney for Hafetz filed a motion to quash the Redevelopment Authority's motion for new trial for the reason that it was an improper and inappropriate pleading and that the Redevelopment Authority had not filed exceptions to the trial judge's verdict. On February 27, 1974, the Redevelopment Authority did file exceptions setting forth the same reasons that it had stated in support of its motion for new trial.

On July 8, 1974, the Court of Common Pleas filed an order sustaining Hafetz's motion to quash the Redevelopment Authority's motion for new trial, quashing the motion for new trial, and directing the Prothonotary to

---

1. Ben Hafetz died on July 11, 1973. The trial judge's verdict did not include Hannah Hafetz, a co-owner of the condemned property, except in her fiduciary capacity as executrix of her deceased husband's estate.

enter judgment on the verdict.[2] Judgment in accord with the verdict was entered July 10, 1974, and this appeal by the Redevelopment Authority followed.

We deem the threshold, and controlling, question here to be whether or not the lower court had jurisdiction to entertain the appeal from the award of the board of view and to determine the amount of damages when the record disclosed that the report and award of the board of view was filed August 22, 1972 and the landowners' appeal therefrom was filed on July 11, 1973.

Section 515 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P.S. §1—515 (Supp. 1974-75), in pertinent part provides:

*"Any party aggrieved by the decision of the viewers may appeal to the court of common pleas within thirty days from the filing of the report.* The appeal shall raise all objections of law or fact to the viewers' report. The appeal shall be signed by the appellant or his attorney or his agent and no verification shall be required. *Any award of damages or assessment of benefits, as the case may be, as to which no appeal is taken within thirty days, shall become final as of course and shall constitute a final judgment."* (Emphasis supplied.)

The prerogative of an aggrieved party to appeal to the court of common pleas within thirty days from the date of the filing of the report is established by statute. We cannot extend the period fixed by statute for appeal. The timeliness of an appeal and compliance with statutory provisions go to the jurisdiction of a court to hear the appeal. *Duggan v. Environmental Hearing Board,* 13 Pa. Commonwealth Ct. 339, 321 A.2d 392 (1974). A failure to timely file an appeal deprives a court of juris-

---

2. The order was premised upon the lower court's determination that the exceptions filed by the Redevelopment Authority on February 27, 1974 were not timely and could not be considered.

diction in the absence of two exceptions not applicable here. *See Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938); *In Re: Annexation of a Portion of the Township of Franklin by the Borough of Delmont*, 2 Pa. Commonwealth Ct. 496, 276 A.2d 549 (1971).

Where an act of assembly fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence. *Nardo v. Smith*, 448 Pa. 38, 292 A.2d 377 (1972); *Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A.2d 169 (1971).

We must consider the question of the jurisdiction of the lower court since, without having jurisdiction, the lower court could not enter an operative judgment against the Redevelopment Authority. The Redevelopment Authority contended at every stage of the proceedings that the Hafetz appeal from the decision of the viewers was untimely. Yet its failure to file timely exceptions to the trial judge's verdict would have, except as to the jurisdictional issue, precluded the Redevelopment Authority from prevailing on this appeal. However, a final order or judgment entered by a court without jurisdiction may be questioned on appeal at any time. *Weiner Appeal*, 176 Pa. Superior Ct. 255, 106 A.2d 915 (1954). We must conclude that the question of jurisdiction is properly before us since jurisdiction can be raised at any time, even at the appellate level and by the appellate court itself. *Balazick v. Dunkard-Bobtown Municipal Authority*, 414 Pa. 182, 199 A.2d 430 (1964).

This is not the first instance where we have considered this issue. In *Municipal Authority of Westmoreland County v. Patterson*, 14 Pa. Commonwealth Ct. 614, 322 A.2d 805 (1974), the board of view filed its final report on July 24, 1973, and the condemnor failed to file an appeal with the court of common pleas within the thirty days permitted by Section 515 of the Eminent Domain Code. We held in *Patterson* that the provisions of Section 515 requiring that appeals from the report of the board

of view be filed within thirty days after the report is filed are mandatory and a belated appeal must be dismissed. We conclude that that holding compels a like result in this appeal. *See also Hineline v. The General State Authority*, 15 Pa. Commonwealth Ct. 44, 324 A.2d 817 (1974).

It is unnecessary to pursue the discussion further. Mr. and Mrs. Hafetz failed to follow the prescribed statutory procedure for timely appealing to the Court of Common Pleas of Luzerne County from the August 22, 1972 decision of the viewers, with the result that the viewers' award of damages became final and constituted a final judgment on September 22, 1972. Thereafter, the Court of Common Pleas of Luzerne County acted incorrectly in accepting the untimely Hafetz appeal, and the judgment entered at the direction of that court against the Redevelopment Authority was done without the Court's having jurisdiction over the matter.

Judgment reversed and entry of judgment for the Redevelopment Authority of the City of Wilkes-Barre directed.

