## Stradling v. East Berlin Borough

S. M. *Raffensperger,* for plaintiffs.
F. *Joseph Larkin,* for defendant.

MacPHAIL, P. J., April 14, 1976—This case brings before us a somewhat novel question involving procedures under the Eminent Domain Code of June 22, 1964, P.L. 84, as amended, 26 P.S. §§1-101, et seq.

The present posture of the case is as follows:

1. The report of the board of viewers was filed November 28, 1975, awarding the condemnees damages in the sum of $15,000, and setting March 11, 1968, as the date from which damages for delay in payment should be calculated.

2. On March 2, 1976, the condemnor filed with the board of viewers a motion for a rehearing, alleging that the report of the viewers was deficient because it did not state whether or not the condemnees had surrendered possession of the real estate to the condemnor.

3. On March 4, 1976, the board of viewers entered an order and opinion refusing the motion for a rehearing.

4. On March 23, 1976, the condemnor filed an

"appeal" from the denial by the board of view of its motion for a rehearing.

5. On March 26, 1976, the condemnees filed a motion to strike off the appeal.

At oral argument on the motion to strike the condemnor advanced the contention that since the report of the board of viewers was not filed within 30 days of its final hearing, the report itself was a nullity (the board of viewers' hearing was held August 26, 1975).

It is necessary for us to review the last point first because the condemnor argues that since the report of viewers was a nullity, the condemnor had nothing from which to file a timely appeal. Section 513 of the Eminent Domain Code, 26 P.S. §513, does require that the board shall file its report within 30 days after its final hearing. However, no sanctions are provided in the statute to cover the situation where the report is not filed within the required time. Prior to the amendment of December 5, 1969, P.L. 316, there was no time fixed within which the board's report was required to be filed. We note also that there are no rules of procedure which provide for sanctions in the situation presently before us. We have been referred to no cases and we have found none holding that a report filed by a board of viewers after the 30-day period has expired is a nullity. While courts are "under the gun" themselves to attend to judicial business promptly and should be alert to see that boards, masters and auditors appointed by it are likewise prompt in their dispositions, we would certainly have no inherent authority to declare a report filed by a board of viewers a nullity in the absence of some authority, either by statute or rule of court to do so. Our Su-

preme Court Rules of Civil Procedure fix numerous "deadlines" but significantly provide for nothing in the situation presented here. While the condemnor may have requested appropriate relief from the court when the 30 days passed without the filing of the report by the board of view, once the report has been filed, it is too late to complain, especially in the absence of prejudice to either party, a factor which is notably absent here. Accordingly, we reject the contention of the condemnor that the report, as filed, is a nullity.

Passing for the moment the procedural bar to the relief sought by the condemnor, we will next consider the only matter of substance raised in the motion filed by the condemnor, to wit, the alleged failure of the board to set forth in its report whether or not the condemnees had relinquished possession of the real estate. Section 511 of the code, 26 P.S. §1-511, sets forth in some detail what is to be included in the viewers' report. We see nothing there that requires the board in its report to set forth when or whether the condemnees released possession of the real estate. Section 611, 26 P.S. §1-611, provides that the condemnees shall not be entitled to any delay compensation for the period of time they were in possession of the real estate and that compensation for delay in payment is due from the date of relinquishment of possession. It is true that the viewers' report here does not state when or whether the possession of the real estate was relinquished by the condemnees; however, the report *does* state that delay compensation shall be paid from March 11, 1968, and says specifically that the board "set March 11, 1968, as the date from which damages for delay shall be calculated . . ." It seems obvious to us that that finding fixes the date of

relinquishment as well as the date from which delay compensation shall be paid. Since the board is not required by the statute to fix a date of relinquishment of possession, but may only award damages for delay compensation from the date of relinquishment of possession, it is apparent that the board here has followed the law and if either party is aggrieved, its remedy is an appeal. The condemnor relies upon Hineline v. General State Authority of Pennsylvania, 15 Pa. Commonwealth Ct. 44, 324 A. 2d 817 (1974). That case hinges upon the fact that the board of viewers failed to make a finding as to the date from which delayed damages or interest should accrue. While defendant argued that it had no duty to pay delay compensation, since plaintiffs did not relinquish possession, the Commonwealth Court held that since neither party had appealed from the viewers' report, an action in mandamus would not lie in their court. Rather than supporting the condemnor, we feel that the case cited supports the position maintained by the condemnees.

Finally, we address ourselves to the procedure followed by the condemnor. At the outset, even the condemnor must recognize that the 30-day appeal period is nonwaivable by this court in the absence of fraud or its equivalent: King Appeal, 204 Pa. Superior Ct. 490, 205 A. 2d 629 (1964). Our review of the law in cases construing the code leads us to the inescapable conclusion that the sole remedy available to litigants aggrieved by a viewers' report is an appeal, whether the defect alleged be one of form or substance. At the very least, we are quite certain that once the board has filed its report, it has no authority to act further in the matter unless the case is referred back to it by the court. The condemnor's motion for reconsideration filed with the

board was improper and the board had neither duty nor authority to respond to that motion. It follows that no appeal lies from the ruling by the board refusing the motion for reconsideration filed by the condemnor. The condemnor cites Commonwealth v. Upholzer, 18 Pa. Commonwealth Ct. 102, 334 A. 2d 812 (1975), as authority for resort to other rules of law and procedure not covered by the Eminent Domain Code. We find nothing in that case so holding and we note further that the issues raised by this case, in our opinion, are specifically covered by the code. Simply stated, a timely appeal was the remedy available to the condemnor. The appeal period having passed, the condemnor is now without remedy, since neither fraud nor its equivalent has been raised.

### ORDER OF COURT

And now, April 14, 1976, the motion of J. Wayne Stradling and Carole S. Stradling to strike off the appeal of the Borough of East Berlin is granted.