Joseph Rostosky, Trading as Joseph Rostosky Coal Company, Appellant *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Appellee.

Submitted on briefs, September 14, 1976, to Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Clyde G. Tempest,* for appellant.

*Howard J. Wein,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 5, 1976:

The question presented here is whether an appeal was properly quashed by the Environmental Hearing Board (Board). The appellant's counsel admits that the period for appeals to the Board expired after he filed erroneously with the appellee Department of Environmental Resources (DER). He claims, however, that he was misled by an outdated copy of procedural regulations sent him by the DER. We hold the quashing proper.

On July 21, 1975, a hearing before the DER found that the appellant had violated a condition of his surface mine permit. Notice of this decision was sent to appellant on August 4, 1975, by the director of

DER's Bureau of Surface Mine Reclamation. The notification stated that the appellant had the right to appeal to the Board within thirty days of receipt.[1]

Within the notification of August 4 were two enclosures for the use of appellant. The significance of the enclosures is that appellant's counsel claims that they wrongfully confused him as to the proper place to file his appeal. One enclosure was a copy of Chapter 21 of the Rules and Regulations of the DER, governing practice and procedure before the Board. The copy enclosed, however, was outdated, having been superseded by revisions published in the Pennsylvania Bulletin in December 1974.[2] The only revision relevant here is that the former regulations contained no address for the filing of appeals from DER rulings, while the new regulations include the Board's address for that purpose.

The other enclosure was a notice of appeal, which clearly indicated that it was to be sent to the Board. Near the end of the notice appeared the address of DER's Bureau of Administrative Enforcement (Bureau) with instructions that the Bureau was to be served with a *copy* of the appeal. Immediately below the Bureau's address was a different address and the typed or printed notation "Address correction eff: 2/8/75."

Appellant's counsel sent the original of the appeal to the Bureau, not to the Board, at the address noted on the correction.[3] The Bureau received it on September 5, 1975, within the period of appeal. Nothing was

---

[1] Pursuant to Chapter 21 of the Rules of Practice and Procedure of the Department of Environmental Resources, §21.21(a) (1974).

[2] 4 Pa. B. 53 (December 14, 1974).

[3] It is significant that appellant's difficulty comes from sending the notice of appeal to the Bureau at *its* correct address. It should have been sent to the Board. At no time was appellant's counsel "misled" into thinking that his procedure was correct.

sent to the Board. On September 22, 1975, the DER, apparently believing that what the Bureau had received was the copy required to have been served upon it, entered an appearance before the Board. The appeal was finally received and docketed by the Board on October 3, 1975, having been transmitted from the Bureau on that date. The DER thereupon moved to quash the appeal on the ground that the untimely filing deprived the Board of jurisdiction. The Board granted the motion.

Appellant's counsel acknowledges his oversight of the address contained in the new regulations and admits that his filing of the original with the Bureau was "a careless mistake." Nonetheless, he contends that the appellant should be allowed a right to appeal *nunc pro tunc*. We cannot agree. No appeal was filed with the Board within the time permitted for such action. Where a statute has fixed the time within which an appeal may be taken, we cannot extend such time as a matter of indulgence. *E.g., Hafetz v. Redevelopment Authority of City of Wilkes-Barre,* 19 Pa. Commonwealth Ct. 202, 206, 339 A.2d 644, 646-47 (1975). Here, the time was established by regulations promulgated pursuant to statute[4] rather than by a statute itself. However, a regulation so promulgated has the force of law and is as binding as a statute on a reviewing court. *Pennsylvania Human Relations Commission v. Norristown Area School District,* 20 Pa. Commonwealth Ct. 555, 559, 342 A.2d 464, 467 (1975); *Herdelin v. Greenberg,* 16 Pa. Commonwealth Ct. 405, 408, 328 A.2d 552, 554 (1974). The untimeliness of the filing deprives the Board of jurisdiction. *Hafetz, supra* at 205, 339 A.2d at 646.

---

[4] Section 1921-A(e) of the Administrative Code, Act of April 9, 1929, P.L. 177, *added* by Act of December 3, 1970, P.L. 834, 71 P.S. §510-21(c).

Our power to allow an appeal *nunc pro tunc* is severely limited. "[A]ny such allowance must be based on extraordinary conditions and must involve fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured." *In re Township of Franklin*, 2 Pa. Commonwealth Ct. 496, 500, 276 A.2d 549, 551 (1971). Appellant's counsel alleges that the DER "wrongfully and negligently" misled him by enclosing the outdated rules. In appropriate circumstances "wrongful and negligent" action by an officer can be the equivalent of the requisite fraud. *Nixon v. Nixon*, 329 Pa. 256, 260, 198 A. 154, 157 (1938). Here, the standard is not met. Though the outdated regulations gave no address for the filing of appeals before the Board, such address was furnished by the DER not only in its notification of August 4, 1975, but on the top of the notice of appeal itself. The newer regulations were a matter of public record for several months. The circumstances here fall far short of the "extraordinary conditions" required for the allowance of an appeal *nunc pro tunc. Cf. Christiansen v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 32, 271 A.2d 889 (1970).

Appellant's counsel asserts that the appeal should be permitted because the erroneous filing was caused by his own oversight. However, the mere neglect of counsel cannot justify the granting of an appeal *nunc pro tunc. W. W. Grainger, Inc. v. Ruth,* 192 Pa. Superior Ct. 446, 449, 161 A.2d 644, 646 (1960). Nor is hardship sufficient. *In re Township of Franklin, supra* at 501, 276 A.2d at 551.

Finally, it is claimed that injustice will result if the right to appeal is denied. Appellant asserts that the DER has suffered no substantial prejudice. He

cites Pa. R.C.P. 126[5] and attempts an analogy to the liberal transfer rules of the Appellate Court Jurisdiction Act.[6] This court has already addressed such an argument.

"[A]ppellants contend that we should allow their appeals in the interests of justice. This argument assumes incorrectly that we have discretion in the matter. Failure to perfect an appeal within the time allowed by statute is a defect in the proceeding of which the appellate court must take notice, even on its own motion. We have no power to extend the time limit for filing an appeal." *City of Pittsburgh v. Pennsylvania Public Utility Commission*, 3 Pa. Commonwealth Ct. 546, 552, 284 A.2d 808, 811 (1971).

A thorough review of the record reveals no other grounds for the reversal of the decision below.

Accordingly, we will enter the following

ORDER

Now, October 5, 1976, the order of the Environmental Hearing Board, dated January 9, 1976, quashing the appeal of Joseph Rostosky, t/a Joseph Rostosky Coal Company, from the actions of the Department of Environmental Resources dated August 4 and August 27, 1975, is affirmed.

---

[5] "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect which does not affect the substantial rights of the parties."

[6] Section 503 of the Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503(b) reads:

"If an appeal or other matter is erroneously taken to or brought in a court which does not have jurisdiction of the appeal or other matter, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof, at the cost of the appellant, petitioner or plaintiff, to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in that court on the date erroneously filed in the other court."