East Lampeter Township Sewer Authority, Petitioner *v.* Edward Wayne Butz and Commonwealth of Pennsylvania, Department of Environmental Resources, Respondents.

Argued November 18, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*William E. Chillas, Blakinger, Grove & Chillas,
P.C.,* for petitioner.

*Lynn Wright,* Assistant Counsel, for respondents.

OPINION BY JUDGE CRAIG, January 11, 1983:

East Lampeter Township Sewer Authority appeals the order of the Pennsylvania Environmental Hearing Board (EHB) which, upon an appeal by Edward Wayne Butz, modified a sewer construction permit issued to the authority by the Pennsylvania Department of Environmental Resources (DER).

On November 2, 1979, DER denied the authority's application for a permit to extend its sewer system to service twenty-seven existing homes. On November 30, 1979, the authority appealed DER's denial to the EHB. However, before the EHB ruled on the authority's appeal, the authority and DER entered into a settlement agreement which was submitted to the EHB for its approval pursuant to 25 Pa. Code §21.120.[1] On May 27, 1980, the EHB approved the settlement agreement which provided that DER would

---

[1] 25 Pa. §21.120(a), in pertinent part, provides:

In all cases where a proceeding is sought to be terminated by the parties as a result of a settlement agreement, the terms of such settlement shall be submitted to the Board for approval and the major substantive provision thereof shall simultaneously be published in the Pennsylvania Bulletin. Such settlement . . . shall be effective immediately upon approval by the Board subject to reopening if an ob-

issue a permit allowing the authority to expand its system to serve the twenty-seven homes proposed for service in the authority's original application.[2] DER issued the permit on June 6, 1980. On June 7, 1980, the EHB published notice of the settlement agreement in the Pennsylvania Bulletin.[3]

In his notice of appeal to the EHB, filed September 11, 1980, Mr. Butz stated that he sought review of DER's approval of the authority's "sewer application" and that he had received notice of the approval

jection is filed . . . and upheld by the Board. Any aggrieved party objecting to the proposed settlement may, within 20 days after publication, appeal to the Board in accordance with these rules and request a hearing on its objections.

[2] The record contains evidence that some of the twenty-seven homes proposed for public sewer service have malfunctioning on-lot sewage systems which are a health hazard, that some area wells are polluted, that area soils are not suited for on-site sewage systems, that new on-lot systems are not feasible, and that public sewer service would alleviate the health hazard and other problems caused by the malfunctioning systems.

[3] The notice, published at 10 Pa. B. 2382 (1980), in pertinent part, stated:

East Lampeter Twp. Sewer Authority v. Commonwealth of Pennsylvania, DER; EHB Doc. No. 79-186-W.

The Commonwealth of Pennsylvania, Department of Environmental Resources and the East Lampeter Township Sewer Authority have agreed to a settlement of the above matter. The Commonwealth had denied a request from the East Lampeter Sewer Authority for a sewer extension permit by a letter dated November 2, 1979. Appellants challenged DER's action in an appeal filed on or before December 3, 1979.

The parties have agreed to a settlement, the major provisions of which include: The DER will issue a sewage extension permit, but connections to the extension will be limited to 27 existing homes documented as public health hazards.

The notice also stated that appeals by any person aggrieved by the settlement agreement must be filed within twenty days of the published notice.

on August 10, 1980.[4] As the basis for his appeal, Mr. Butz alleged that "the existing sewer system is already overloaded and spilling into the Conestoga River which is the source of drinking water for Eastern Lancaster."

DER filed a motion to dismiss Mr. Butz's appeal on the ground that the EHB lacked jurisdiction because the appeal had been filed more than twenty days after notice of the settlement agreement had been published and therefore was not timely filed under 25 Pa. Code §21.120. The EHB denied DER's motion.

The authority filed a motion for summary judgment alleging that Mr. Butz's appeal was untimely.[5] The EHB denied the authority's motion.

The EHB concluded that an extension to an overloaded sewer system must be limited so that only flows resulting from the correction of existing public health hazards are added to the system. Because it found that the sewage plant and pump station, which would receive the additional flows pursuant to the settlement agreement, were hydraulically overloaded and that there was evidence to show only that six of the twenty-seven homes to be connected to the extension had malfunctioning on-lot systems, the EHB ordered the authority to limit connections to the six homes with proven malfunctioning systems.

On this appeal, the authority again asserts that the EHB lacked jurisdiction over Mr. Butz's appeal because that appeal was untimely. We agree.

[4] Apparently, the only notice that Mr. Butz received was a letter, addressed to him, from an East Lampeter Township official.

[5] In its motion, the authority did not state what filing deadline Mr. Butz exceeded and did not cite the section of the regulations under which Mr. Butz's appeal was untimely. Based on the authority's brief in support of its motion for summary judgment, which states that Mr. Butz violated a twenty day filing deadline, we conclude that the authority was asserting that Mr. Butz's appeal was untimely under 25 Pa. Code §21.120.

Because DER's decision to issue a permit for the authority's sewer extension was part of the settlement agreement, the DER action that Mr. Butz could have appealed was the settlement agreement, not the subsequent issuance of the permit. *See Toro Development Co. v. Department of Environmental Resources,* 56 Pa. Commonwealth Ct. 471, 425 A.2d 1163 (1981). We conclude that the thirty day filing time limit, under 25 Pa. Code §21.52,[6] applied to Mr. Butz's appeal[7] and began to run on June 7, 1980, the date notice of the settlement agreement was published.[8] Thus, Mr. Butz's appeal was untimely and the EHB lacked jurisdiction over it. *Rostosky v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976).

Accordingly, we reverse.

---

[6] In pertinent part, 25 Pa. Code §21.52(a) provides:

[J]urisdiction of the Board shall not attach to an appeal from an action of the Department unless the appeal is in writing and is filed with the Board within 30 days after the party appellant has received written notice of such action or within 30 days after notice of such action has been published in the Pennsylvania Bulletin . . .

[7] 25 Pa. Code §21.1(6) defines "party" as follows:

(6) Party—Any person with the right to institute or defend or otherwise appear and participate in proceedings before the Board. A party shall be an appellant, appellee, plaintiff, defendant or intervenor.

Because Mr. Butz was not a party when the EHB approved settlement agreement, we conclude that the twenty day filing deadline under 25 Pa. Code §21.120 did not apply to him.

[8] 25 Pa. Code §21.36 provides:

Publication of a notice of action or proposed action by the Department or Board in the Pennsylvania Bulletin shall constitute notice to or service upon all persons, except a party, effective as of the date of publication.

We cannot regard the notice from the township official here as triggering the thirty day appeal time limit.

ORDER

Now, January 11, 1983, the adjudication and order of the Pennsylvania Environmental Hearing Board, No. 80-144-H, dated July 23, 1981, is hereby vacated.