530 A.2d 942

Quaker State Oil Refining, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued March 26, 1987, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Dean A. Calland*, with him, *Joseph M. Karas, Babst, Calland, Clements & Zomnir*, for petitioner.

*Gary A. Peters*, Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, August 24, 1987:

Quaker State Oil Refining Corporation (Quaker State) appeals from a decision of the Environmental Hearing Board (EHB) which dismissed Quaker State's appeal as having been untimely filed and, further, denied its request for an appeal *nunc pro tunc*. We affirm.

In June, 1985, the Department of Environmental Resources (DER) issued Quaker State a draft National Pollutant Discharge Elimination System (NPDES) permit # PA0002372.[1] A cover letter accompanying the draft permit outlined the notice and comment procedures applicable to draft permits pursuant to 25 Pa. Code §92.61(d).[2] Quaker State submitted written comments concerning the heat rejection rate provided for in the draft permit.

On September 30, 1985, DER issued Industrial Permit No. PA0002372 to Quaker State which was sent under a cover letter to its corporate headquarters in Oil City, Pennsylvania to the attention of its Vice President-Refining Division where it was received on October 4, 1985. Quaker State then sent the permit and cover letter to its McKean Refinery, the facility for which the permit was issued, where it was received on October 7, 1985.

---

[1] Draft NPDES permits are prepared by DER pursuant to 25 Pa. Code §92.61(b).

[2] 25 Pa. Code §92.61(d) provides in pertinent part:
There shall be a 30-day period following publication of notice during which written comments may be submitted by interested persons before the Department makes its final determination on an NPDES permit application. All written comments submitted during the 30-day comment period shall be retained by the Director and considered in the formulation of his final determinations with respect to the NPDES application. . . . The Director shall provide an opportunity . . . to request or petition for a public hearing with respect to the NPDES application.

No action with respect to the permit was taken by Quaker State until November 22, 1985, at which time counsel requested and received a "fact sheet" on the permit prepared by DER as part of its determination process. Quaker State then, on November 29, 1985, filed its notice of appeal with EHB challenging certain discharge heat rejection requirements, limitations and parameters as provided in the permit.

EHB dismissed Quaker State's appeal as having been untimely filed pursuant to 25 Pa. Code §21.52(a)[3] which requires that appeals be filed with the EHB within thirty days of receipt of notice of the action of DER. Further, EHB denied Quaker State's request for an appeal *nunc pro tunc* under 25 Pa. Code §21.53[4] inasmuch as it found no breakdown of its own operations to warrant Quaker State's late filing. This appeal followed.

Our scope of review of EHB decisions is limited to a determination of whether constitutional rights were violated, an error of law was committed or necessary findings of fact were not supported by substantial evidence. *Marcon, Inc. v. Department of Environmental Resources,* 76 Pa. Commonwealth Ct. 56, 462 A.2d 969 (1983).

---

[3] 25 Pa. Code §21.52(a) provides in pertinent part:
[J]urisdiction of the Board will not attach to an appeal from an action of the Department unless the appeal is in writing and is filed with the Board within 30 days after the party appellant has received written notice of the action.
. . .

[4] 25 Pa. Code §21.53(a) provides:
The Board upon written request and for good cause shown may grant leave for the filing of an appeal *nunc pro tunc;* the standards applicable to what constitutes good cause shall be the common law standards applicable in analogous cases in Courts of Common Pleas in the Commonwealth.

First, Quaker State contends that its notice of appeal was timely filed. It argues that its receipt of Industrial Permit No. PA0002372 on October 4, 1985, did not constitute receipt of written notice of an action by DER so as to trigger the running of the 30 day appeal period of 25 Pa. Code §21.52 inasmuch as neither the permit nor the accompanying cover letter indicated the legal significance, *i.e.,* finality and, therefore, appealability, of the permit. Quaker State goes on to argue that it did not have the requisite notice of DER's action until November 22, 1985, when it reviewed DER's fact sheet which enabled it to determine the significance of the permit and, further, that its notice of appeal was filed within 30 days of that notice. We cannot agree.

"In order for an action of the Department to constitute a final action from which an appeal can be taken, the determination of the Department must direct compliance with an Act and impose some liability or otherwise effect the obligations or duties of a person." *Gateway Coal Co. v. Department of Environmental Resources,* 41 Pa. Commonwealth Ct. 442, 446-47, 399 A.2d 802, 804 (1979). The NPDES permit issued by DER on September 30, 1985, authorizes Quaker State to discharge from its refinery in McKean County into Potato Creek in compliance with the provisions of the Clean Water Act[5] and Pennsylvania's Clean Streams Law.[6] The permit sets forth specific effluent limitations, monitoring requirements and other conditions which Quaker State must follow. It also contains a statement of the penalties for noncompliance under both the Clean Water Act and Clean Streams Law.[7] We find, then, that

---

[5] The Clean Water Act of 1977, *as amended,* 33 U.S.C. §1251-1376.

[6] Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.1.

[7] Industrial Permit No. PA0002372 Part B, 2d.

the permit issued on September 30, 1985, was a final action from which an appeal should have been timely filed. *See generally, Mathies Coal Co. v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 311, 514 A.2d 677 (1986).

Further, we find that Quaker State's due process rights have not been violated for lack of sufficient notice of the finality and appealability of the permit. The face sheet attached to the permit titles the document, "Authorization to Discharge under the National Pollutant Discharge Elimination System." The face sheet also includes the permit number, issuance date and expiration date and is signed by Peter A. Yeager, Regional Water Quality Manager. In addition, the face sheet contains the following statement:

> In compliance with the provisions of the Clean Water Act, 33 U.S.C. Section 1251 et seq. (the 'Act') and Pennsylvania's Clean Streams Law, as amended, 35 P.S. Section 691.1 et seq., Quaker State Oil Refining Corporation is authorized to discharge from a facility located at Keating Township, Farmers Valley, McKean County, to receiving waters named Potato Creek in accordance with effluent limitations, monitoring requirements and other conditions set forth in Parts A, B, and C hereof.

We conclude that although the permit is not entitled as "final" and neither the cover sheet nor the permit contain a statement as to the appealability of the permit, all of the above-referenced features of the permit provided Quaker State with notice which was reasonably calculated, under all the circumstances, to apprise it of the pendency of the action and afford it an opportunity to present its objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950).

Quaker State also argues that notice was defective in that it failed to indicate that appeals may be taken to

EHB within a specified period of time and failed to include citations to relevant regulations setting forth the applicable appellate procedure. This Court has held that when an agency, through regulations, or the Legislature, through statute, has provided a duly published procedure for an appeal, due process of law does not require the administrative agency to extend additional notice of such right. *Commonwealth v. Derry Township,* 10 Pa. Commonwealth Ct. 619, 314 A.2d 868 (1973). In the present case the right to appeal from an action of DER taken pursuant to the Clean Streams Law is clearly set forth in Section 7 of that Law, 35 P.S. §691.7[8] and the procedure for taking such an appeal is clearly set forth in 25 Pa. Code §§21.51-21.53.

In the alternative, Quaker State contends that EHB erred in denying its request for an appeal *nunc pro tunc*. It argues that DER's failure to provide constitutionally sufficient notice is the equivalent of fraud which is the standard for the grant of an appeal *nunc pro tunc*. Having already concluded that the notice provided by DER was constitutionally sufficient we must find that the standard for the granting of an appeal *nunc pro tunc* has not been met here and conclude that EHB is without jurisdiction to hear this appeal. *See Rostosky v. Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976).

Accordingly, we affirm.

ORDER

Now, August 24, 1987, the Order of the Environmental Hearing Board dated March 14, 1986, at Docket

---

[8] Section 7; 35 P.S. 691.7 provides in pertinent part:

(a) Any person or municipality having an interest which is or may be adversely affected by any action of the department under this act shall have the right to appeal such action to the Environmental Hearing Board.

No. 85-520-G, dismissing the appeal of Quaker State Oil Refining and denying its request for an appeal *nunc pro tunc,* is hereby affirmed.