568 A.2d 298

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Petitioner,**

v.

**BVER ENVIRONMENTAL, INC., Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Jan. 3, 1990.

Mary Young, Asst. Counsel, for petitioner.

Robert W. Thomson, with him, Maria Zulick, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

CRUMLISH, Jr., President Judge.

The Department of Environmental Resources (Department) appeals an Environmental Hearing Board order granting BVER Environmental, Inc.'s (BVER) motion for

summary judgment, denying the Department's cross-motion for partial summary judgment and upholding BVER's appeal of civil penalties assessed for violations of the Solid Waste Management Act (Act).[1] We reverse.

On two consecutive days, BVER, a Pennsylvania-licensed transporter of hazardous waste, relocated an Ohio company's (generator) waste to a Pennsylvania disposal facility. The Department's regulations governing generators of hazardous waste require that, before off-site transportation begins, the generator must prepare and sign a "waste manifest" indicating the waste's total quantity either by weight or volume. Section 262(e)(7)(viii) of Chapter 75 of the Pennsylvania Code (Code), 25 Pa.Code § 75.262(e)(7)(viii). After obtaining the transporter's signature on all eight copies of the manifest, the generator then forwards copy six to the Department and gives copies one through five to the transporter. 25 Pa.Code § 75.262(e)(14). These regulations also prohibit *transporters* from "accept[ing] hazardous waste from a generator ... unless it is accompanied by a manifest which has been completed and signed by the generator under § 75.262...." 25 Pa.Code § 75.263(d)(1). Upon final delivery by the transporter, the accepting waste facility forwards manifest copy one to the Department, thereby corroborating the information the Department received from the generator.

In the present case, although copy one of both manifests delivered to the waste facility indicated BVER quantity and weight/volume specifications, this information was left blank on the copies the *generator* forwarded to the Department. The Department assessed BVER a $2,000 penalty, finding that BVER's noncompliance with 25 Pa.Code § 263(d)(1) violated provisions of the Act.[2]

---

**1.** Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. § 6018.101—6018.1003.

**2.** The Department assessed BVER for separate violations of the Act; Section 403(b)(5), (8), 35 P.S. § 6018.403(b)(5), (8), and Section 610(4), (9), 35 P.S. § 6018.610(4), (9), all relating to BVER's failure to properly use the manifest system in compliance with the Department's regulations.

On DER and BVER's stipulation of facts, the Board granted BVER's summary judgment motion and denied the Department's motion for partial summary judgment,[3] concluding "that liability cannot be imposed on the transporter for the generator's failure to supply mandated information on copies of the manifest which are solely the generator's responsibility." [4]

The Department argues that the Board erred as a matter of law in concluding that its regulations do not impose a responsibility on the transporter to check that *all copies* of the manifest are properly completed.[5] We agree.

■■■■ We must defer to an administrative agency's interpretation of its own regulations except where that interpretation is plainly erroneous or inconsistent. *Pelton v. Department of Public Welfare*, 514 Pa. 323, 523 A.2d 1104 (1987). Here, the Department's regulation clearly states that a transporter *may not accept hazardous waste* unless it is accompanied by a manifest *"which has been completed and signed by the generator."* (Emphasis added.) Of course, the only way a transporter or its employee can know with certainty whether the manifest is complete and thus fulfil this requirement, is to inspect *all eight* manifest

3. The Department's cross-motion for summary judgment requested that BVER's appeal be dismissed as to all issues except the reasonableness of the amount of the civil penalty. Under Section 605 of the Act, 35 P.S. § 6018.605, the Department considers the willfulness of the violation in calculating the penalty amount and may assess a penalty not exceeding $25,000 for every day of each violation.

4. Opinion of the Environmental Hearing Board, EHB Docket No. 87–292–W, 1/17/89, p. 10. The Board did not clarify exactly which copies of the manifest it considered were the generator's responsibility. However, our review of the Board's opinion leads us to conclude that the Board interpreted the regulations as imposing on the transporter a responsibility to ensure that complete information appears only on those manifest copies that the transporter conveys to the accepting waste facility (one through five).

5. In reviewing a decision of the Environmental Hearing Board, this Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or necessary findings of fact was unsupported by substantial evidence. *Quaker State Oil Refining v. Department of Environmental Resources*, 108 Commonwealth Ct. 610, 530 A.2d 942 (1987).

348

copies before signing to acknowledge that he is accepting the waste.

█ Although this construction of the regulation imposes on the transporter as well as the generator a responsibility to ensure that all manifest copies are complete, a balancing of the burdens on all parties—generator, transporter and accepting facility—compels this result. Otherwise, the method for tracking hazardous waste shipments would be defeated. This interpretation not only comports with the regulation's plain language but is also entirely consistent with the Act's purpose, which is to protect the public health and safety by maintaining a precise quantity inventory of all hazardous waste transported and disposed of within the Commonwealth. Section 102(4), (7), 35 P.S. § 6018.102(4), (7).[6]

Accordingly, the order of the Environmental Hearing Board is reversed.

ORDER

The order of the Environmental Hearing Board, No. 87 292–W dated January 17, 1989, granting BVER's motion for summary judgment and denying the Department's cross-motion for partial summary judgment, is reversed.

---

**6.** Review of the facts reveals that BVER signed both manifests *before* the generator detached the copy it eventually forwarded to the Department. Stipulation of Facts, Nos. 6, 9, Reproduced Record Exhibit A. Thus, due to our disposition in this case, we find meritless BVER's argument that because the remaining manifest copies it subsequently delivered to the accepting waste facility contained the required information, it is absolved from all civil penalty assessments.