537 A.2d 327

## PHILADELPHIA ELECTRIC CO.

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES and Neshaminy Water Resources Authority.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES. (Two Cases)**

**NORTH PENN WATER AUTHORITY and North Wales Water Authority**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES and Neshaminy Water Resources Authority.**

**No. 101 E.D. Appeal Dkt. 1987.**

Supreme Court of Pennsylvania.

Sept. 30, 1987.

Louise S. Thompson, Philadelphia, for appellants.

Jeremiah J. Cardamone, Ambler, for North Penn & North Wales Water Authorities.

Robert J. Sugarman, Philadelphia, for intervenor—Del–Aware.

Bernard Chanin, Philadelphia, for P.E.C.O.

Gordon Gerber, Philadelphia, for Neshaminy Water Resources Authority.

Richard M. Rosenbleeth, Philadelphia, for intervenor—Bucks County.

James M. McNamara, Doylestown, Bucks County City Sol.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

AND NOW, this 30th day of September, 1987, it being determined that this appeal has been inappropriately filed as a direct appeal to this Court under Pa.R.A.P. 1101(a)(1), the submitted papers are treated as a request for allowance of appeal pursuant to Pa.R.A.P. 1112 and allocatur is granted. The Order of the Commonwealth Court is vacated and the Applications of Philadelphia Electric Company and North Penn and North Wales Water Authorities for Special Relief are dismissed for failure to exhaust administrative remedies. The Orders of the Department of Environmental Resources entered June 26, 1987, are reinstated and the matter is remanded to the Environmental Hearing Board for expedited disposition.

HUTCHINSON, J., did not participate in the consideration or decision of this matter.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. This matter is a direct appeal from an action filed originally in the Commonwealth Court and should be briefed and argued on an expedited basis in order to make a fair determination. Not enough information has been presented to this Court to permit us to summarily reach the decision to vacate the Commonwealth Court order and to remand to the Environmental Hearing Board. The only papers which have been thus far submitted in this matter is

a document entitled "Statement of Jurisdiction," the Commonwealth Court's Opinion and Order, and a letter from the attorney for the North Penn and North Wales Water Authorities stating that these authorities would not file a brief in opposition to the jurisdictional statement.

As the majority insists, however, upon acting *sua sponte* in summary manner, it should limit its remand by directing the Environmental Hearing Board to expedite the proceedings while maintaining the injunction granted by Commonwealth Court pending disposition of those proceedings.