535 A.2d 745

C & K Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued October 8, 1987, before Judges BARRY and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Henry Ray Pope, III, Pope, Pope and Drayer,* for petitioner.

*Michael E. Arch,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, January 13, 1988:

C & K Coal Company (Petitioner) has appealed from an order of the Environmental Hearing Board (Board) dismissing its petitions for the allowance of appeals *nunc pro tunc.*

The relevant facts, as Petitioner summarized them in its notice of appeal to the Board are as follows:

On January 17, 1986 Richard Stempeck, an employee of the DER, assigned to the Knox, Pennsylvania office, issued a Compliance Order which required C & K Coal Company to treat [mine drainage] discharges allegedly emanating from Permit No. 1679123. . . . Immediately after said Order was entered, C & K and the DER orally agreed that the Order would be suspended pending submission of a hydrological study which was to be submitted by February 10, 1986. Subsequently the hydrological report was submitted and on February 10, 1986 a second Compliance Order involving the same violation was issued. . . . Within two days after [the second order] was received, the attorney for C & K wrote the DER concerning the second Compliance Order. . . . Neither C & K nor its counsel received any response to [said letter] and C & K was placed in satisfactory compliance until June 25, 1986 when it received an Inspection Report which required C & K to commence treatment.

Petitioner appealed from the order to commence treatment within the 30-day time limit, and filed requests for permission to file *nunc pro tunc* appeals from the compliance orders. It also sought to consolidate its appeal with the two requests to file *nunc pro tunc* appeals. The Board denied Petitioner's request to consolidate and dismissed the appeals from the compliance orders as untimely, prompting this appeal.

The sole issue before us is whether the Board erred in denying Petitioner's request to file *nunc pro tunc* appeals. Petitioner contends that appeals *nunc pro tunc* are permitted when an appellant is precluded from filing an appeal because of fraud or a breakdown in the court's operations, misinformation provided by a person having authority to act, or misinformation provided by an interested party.

Even construing Petitioner's allegations of fraud in the light most favorable to it, the facts as set forth above are clearly distinguishable from cases wherein *nunc pro tunc* appeals have been allowed. In those cases, the occasion "must be extraordinary and must involve fraud or some breakdown in the Court's operation through a default of its officers, whereby a party has been injured . . ." *Nixon v. Nixon*, 329 Pa. 256, 259-60, 198 A. 154, 157 (1938). In *Nixon*, the Court allowed a *nunc pro tunc* appeal where the delay in filing the appeal was occasioned by the failure of the Superior Court to send notice of its order to appellant as was its custom.

Similarly, late filing of appeals has been excused due to unavoidable events which prevented timely filing: *see e.g., Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (sudden illness of lawyer's secretary in charge of appeal filings); *Walker v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983) (appellant did not become aware of adverse determination of unemployment compensation authorities until appeal period had expired as a result of failure of post office to forward notice of action to him); *Perry v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car resulted in delay in filing); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983) (sudden

hospitalization of counsel). No such unavoidable event is alleged to have occured here.

Late filing has also been excused in cases where inaccurate information was provided to a litigant by an official of an agency regarding the forum in which to file the appeal, or the time in which to do so. *See e.g., Roderick v. State Civil Service Commission,* 76 Pa. Commonwealth Ct. 329, 463 A.2d 1261 (1983) (appellant, a worker for the Bureau of Employment Security, had been told by the Bureau's regional director that she could take an appeal with the manager of the office in which she served when, in fact, she was required under applicable law to file an appeal with the Civil Service Commission); *Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982) (appellant was advised that she could file an appeal from an adverse determination by the Pittsburgh Human Relations Commission within 30 days of her receipt of the letter when the applicable appeal period ran instead from the date of the entry of the Commission's order).

Here, Petitioner has not alleged facts sufficient to support allowing its *nunc pro tunc* appeals. Even assuming that a DER official had indicated that the first compliance order would be suspended, that does not explain Petitioner's failure to take action following its receipt of the second order, which was obviously inconsistent with the Petitioner's understanding of the terms of the verbal agreement. Indeed, Petitioner instructed its attorney to contact the DER for clarification. Counsel sent a letter to the DER on February 14, 1986,[1] re-

---

[1] The text of the letter is as follows:

I understand my client has received a second Compliance Order requesting action to be taken to abate an alleged nuisance on the above captioned Permit by February 16th. I presume that Order was made so as to permit the Department to review a hydrological Report which was submitted on February 10th.

questing confirmation of Petitioner's assumption that it need not commence abatement action until it had the opportunity to discuss the significance of its hydrological report with the DER. Petitioner did not receive a response to this letter, and rather than electing to take a precautionary appeal, opted to construe the DER's silence as an affirmation of its position. This is not a case where the Petitioner has been actively misled or misinformed as to the forum or time for taking an appeal. Each of the compliance orders contained a notice provision to alert Petitioner to the possibility of an appeal to the Board within 30 days of the receipt of written notice of the DER's action.

Because the Petitioner has failed to allege acts on the part of the DER amounting to fraud, has not suggested that an unavoidable event prevented timely filing, and has not demonstrated that it received inaccurate information regarding the forum or time in which to perfect an appeal, we are of the opinion that the Board properly concluded that it was without jurisdiction to accept the untimely appeals. *See Lebanon County Sewage Council v. Department of Environmental Resources,* 34 Pa. Commonwealth Ct. 244, 382 A.2d 1310 (1978); *Rostosky v. Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976). This Court, recognizing that our power to allow an appeal *nunc pro tunc* is extremely limited, enunciated the general rule in *Rostosky:*

---

My client contacted the Department on February 14, 1986 to learn of the status of its review of the Report, however, no one was able to inform my client as to whether the report has been accepted or rejected. We are assuming that the Department will not require us to commence abatement until such time as we have had an opportunity to discuss the significance of our Report. If this is not the case, please advise me immediately.

Where a statute has fixed the time within which an appeal may be taken, we cannot extend such time as a matter of indulgence. . . . Here, the time was established by regulations promulgated pursuant to statute rather than by a statute itself. However, a regulation so promulgated has the force of law and is as binding as a statute on a reviewing court. . . . The untimeliness of the filing deprives the Board of jurisdiction.

*Rostosky,* 26 Pa. Commonwealth Ct. at 481, 364 A.2d at 763 (citations omitted) (footnote deleted). We agree with the Board that this general rule, and not the exceptions discussed above, must apply in this case.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, this 13th day of January, 1988, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.