549 A.2d 1363

Cadogan Township Board of Supervisors, Petitioner
v. Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued October 3, 1988, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Gerald G. DeAngelis*, for petitioner.

*Donna J. Morris*, with her, *George Jugovic*, for Department of Environmental Resources.

*Mark D. Shepard, Buchanan Ingersoll Professional Corporation*, for intervenor, Kittanning Equipment Leasing Company.

OPINION BY SENIOR JUDGE NARICK, November 9, 1988:

Cadogan Township Board of Supervisors (Petitioner) appeals from an order of the Environmental Hearing Board (EHB) dismissing Petitioner's appeal as untimely. We affirm.

On October 13, 1987, Petitioner's appeal of Encroachment Permit No. E03-220 issued to Kittanning Equipment Leasing Company (Kittanning) was re-

ceived by the EHB. Petitioner stated in the notice of appeal that notice of the permit's issuance appeared at 17 Pa. B. 3637 (1987) on September 5, 1987. The Department of Environmental Resources (DER) thereupon moved to dismiss the appeal on the ground that Petitioner had filed beyond the thirty day statutory time limit;[1] therefore, the Board was without jurisdiction to hear said appeal. The Board granted the motion to dismiss and Petitioner now appeals the Board's decision to this Court.

Petitioner's argument before the EHB as well as this Court is that its appeal should be granted *nunc pro tunc* because the late filing resulted from Petitioner's reliance on an erroneous address for the EHB published in the *Pennsylvania Bulletin*. It is undisputed that an incorrect address for the EHB appeared at 17 Pa. B. 3855 (1987), which had a publication date of September 26, 1987.

The time limit on filing an appeal is a jurisdictional limitation which mandates the quashing of untimely appeals. *Appeal of C.K. and L.K.*, 369 Pa. Superior Ct. 445, 535 A.2d 634 (1987). Generally, appeals *nunc pro tunc* have only been permitted in extraordinary situations involving fraud or some breakdown in the court's operation through default of its officers. *C. & K. Coal Co. v. Department of Environmental Resources*, 112 Pa. Commonwealth Ct. 505, 535 A.2d 745 (1988); *Rostosky*

---

[1] The appeal period established for the EHB in 25 Pa. Code §21.52(a) provides:

Except as specifically provided in Section 21.53 (relating to appeal *nunc pro tunc*), jurisdiction of the Board will not attach to an appeal from an action of the Department unless the appeal is in writing and is filed with the Board within 30 days after the party appellant has received written notice of the action or within 30 days after notice of the action has been published in the *Pennsylvania Bulletin* unless a different time is provided by statute, and is perfected in subsection (b).

*v. Department of Environmental Resources,* 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976). Negligence on the part of an appellant or counsel is not justification for an appeal *nunc pro tunc. Rostosky.*

However, in *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), an appeal was filed four days late because the attorney's secretary responsible for filing the appeal had been ill. The court, in allowing the appeal, reasoned that neither the attorney nor his secretary were negligent and that an attorney is in a sense an officer of the court. But, the courts have limited the application of *Bass* to cases which present unique and compelling facts. *See Appeal of C.K. and L.K.; Guat Gnoh Ho v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 154, 525 A.2d 874 (1987).

Appeals *nunc pro tunc* have also been permitted in situations where the untimely filing was due to inaccurate information provided by an official of an agency regarding the proper forum in which to file an appeal, or as to the time in which to file an appeal. *See Roderick v. State Civil Service Commission,* 76 Pa. Commonwealth Ct. 329, 463 A.2d 1261 (1983) (where appellant was advised by the regional director of Bureau of Employment Security that in order to seek reinstatement to her job position she should write to the manager of the office where she was employed); *Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982) (where appellant relied on written statement of Director of Commission on Human Relations that appeal was to be filed thirty days after receipt of letter when it should have been filed thirty days after *entry* of the order appealed).

Here, it is Petitioner's contention that it should be permitted to appeal *nunc pro tunc* the encroachment permit issued to Kittanning because it relied on an er-

roneous address in the September 26, 1987 publication of the *Pennsylvania Bulletin*. However, this erroneous address appeared in the *Pennsylvania Bulletin* three weeks after the September 5, 1987 publication containing notice of the permit's issuance to Kittanning. Further, the correct address did appear in the September 5, 1987 publication.[2] Thus, Petitioner's reliance on an address published with respect to a notice totally unrelated to the permit it intended to appeal falls short of the extraordinary situations wherein *nunc pro tunc* appeals have been allowed. Therefore, we will affirm the Board.[3]

Lastly, we will briefly address Kittanning's request for costs and reasonable attorney fees. Pursuant to Pa. R.A.P. 2744 an appellate court *may* award as further costs damages as may be just including reasonable attorney fees if it determines the appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. We do not consider Petitioner's appeal to be frivolous, or taken solely for delay or that the conduct of Petitioner herein has been dilatory, obdurate or vexatious. Therefore, we will deny the request for costs and attorney fees.

Accordingly, the order of the Board is affirmed and Kittanning's request for costs and reasonable attorney fees is denied.

---

[2] More specifically, at 17 Pa. B. 3630, it is indicated that DER has taken the following actions which may be appealed. Thereafter, the correct address for the EHB is listed. The pages following this notice at 17 Pa. B. 3630 contain information regarding various actions taken by DER. At 17 Pa. B. 3637, the issuance of Encroachment Permit E03-220 is listed.

[3] Actually, the appropriate procedure was to quash the appeal not dismiss it.

ORDER

AND NOW, this 9th day of November, 1988, the order of the Environmental Hearing Board in the above-captioned matter is affirmed. It is further ordered that the request of Kittanning Equipment Leasing Company for costs and reasonable attorney fees is denied.