# Seal-Tite Bag Co. v. Brennen

*Lee A. Solomon,* for plaintiff.
*Alfred O. Breinig,* for defendant.

D'ALESSANDRO, *J.,* January 30, 1989—Before this court comes plaintiff, Seal-Tite Bag Co., and its petition to file an appeal from an award of arbitrators nunc pro tunc.

This action, for breach of contract, was commenced by the filing of a complaint on December 11, 1987, at which time a compulsory arbitration date was set for August 18, 1988. Plaintiff's complaint was reinstated on March 15, 1988 and service was effectuated on April 7, 1988.

Plaintiff's counsel failed to appear at the arbitration hearing due to a clerical error. On August 22, 1988, the report and award of arbitrators, finding for defendants, for plaintiff having failed to appear, was docketed by the prothonotary. Petitioner failed to file a notice of appeal within 30 days after the entry of the award on the docket.

Petitioner contends that his appeal should be granted nunc pro tunc since he failed to receive notice of the award of arbitrators finding for defendants, for plaintiff having failed to appear.

Generally, appeals nunc pro tunc have only been permitted in extraordinary situations involving fraud or some breakdown in the court's operation,

through default of its officers. *Cadogan Township v. Dept. of Environmental Resources,* 121 Pa. Commw. 18, 20, 549 A.2d 1363, 1364 (1988). Negligence on the part of counsel is not justification for an appeal nunc pro tunc. *Rostosky v. Department of Environmental Resources,* 26 Pa. Commw. 478, 364 A.2d 761 (1976).

Pennsylvania Rule of Civil Procedure 1307, which governs the entry, docketing and service of awards of arbitrators, provides that:

"(a) *The prothonotary shall* —

"(1) enter the award of record upon the proper docket and in the judgment index;

"(2) *immediately send* by ordinary mail a copy of the award, with notice of the date and time of its entry on the docket and the amount of arbitrators' compensation to be paid upon appeal, to each party's attorney of record, or to the party if he has no attorney of record; and

"(3) *note in the docket the date of mailing the notice.*" (emphasis supplied)

The explanatory notes to Pennsylvania Rule of Civil Procedure 1307 elucidates that:

"Subdivision (a)(2) provides that it is the *prothonotary's duty* to mail copies of the award and notice of the date and time of entry. This will make a change in some judicial districts which require the chairman of the arbitration board to mail the copies and certify to the mailing on the award file with the prothonotary,... who will *mail it and record* the mailing on the docket." (emphasis supplied)

Pa.R.C.P. 1307 mandates that it is the prothonotary's duty to mail a copy of the award of arbitrators and record the mailing in the docket. In the case sub judice, the mailing of the award of arbitrators is not recorded in the docket and petitioner states that he

has no record of and does not recall a notice of the award of arbitrators.

Thus, petitioner has shown a breakdown in the court's operation through default of its officers, for which nunc pro tunc appeals have been permitted. Therefore, this court shall grant Seal-Tite Bag Co.'s petition to file an appeal from an award of arbitrators nunc pro tunc.