570 A.2d 129

**BOROUGH OF BELLEFONTE and Bellefonte Borough
Authority, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF
ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided Feb. 12, 1990.

Petition for Allowance of Appeal Denied June 19, 1990.

Charles J. Kroboth, Jr., with him, David A. Flood, Sol., Bellefonte, for petitioner, Borough of Bellefonte.

John W. Blasko, Sol., McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc., State College, for petitioner, Bellefonte Borough Authority.

Kurt J. Weist, for respondent.

Before DOYLE, COLINS and PALLADINO, JJ.

PALLADINO, Judge.

The Borough of Bellefonte (Borough) and Bellefonte Borough Authority (collectively Petitioners) appeal from an order of the Environmental Hearing Board (EHB) dismissing the Petitioners' appeal *nunc pro tunc* of an issuance of a water allocation permit to the Borough. We affirm.

On February 4, 1988, the Borough filed an application with the Department of Environmental Resources (DER) for a water allocation permit. On September 27, 1988, DER issued water allocation permit No. WA–23A to the Borough

which was received on October 4, 1988. On November 9, 1988, Petitioners filed the appeal with the EHB, six days after the expiration of the appeal period set forth in 25 Pa.Code § 21.52(a).[1] DER filed a motion to dismiss with the EHB. Petitioners filed an answer in which they requested leave to appeal *nunc pro tunc.* Petitioners subsequently filed a motion for evidentiary hearing and/or consideration of evidence by affidavit. On May 3, 1989, the EHB denied Petitioners' motion and dismissed the appeal.

On appeal to this court, Petitioners contend that: (1) the EHB erred in denying their appeal *nunc pro tunc;* (2) they have alleged substantial constitutional issues which alleviate the need to exhaust administrative relief; and (3) Section 10 of the Act of June 24, 1939, P.L. 842, *as amended,* 32 P.S. § 640, gives them a right to a hearing on the application for the permit before the EHB.

■ An appeal *nunc pro tunc* may be granted where the delay in filing was caused by fraud or breakdown in the operation of the court. *Guat Gnoh Ho v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 154, 525 A.2d 874 (1987). Petitioners, however, do not contend that there was fraud or breakdown in the court's operations. They contend that the late filing was non-negligent and therefore they should have a right to an appeal *nunc pro tunc* under the rule set forth in *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979).

■ In *Bass,* the supreme court permitted a *nunc pro tunc* appeal where the appeal was filed four days late as a result of a secretary's illness. The supreme court held that because the failure to make a timely appeal was non-negli-

---

1. 25 Pa.Code § 21.52(a) provides, in pertinent part:
   Except as specifically provided in § 21.53 (relating to appeal nunc pro tunc), jurisdiction of the Board will not attach to an appeal from an action of the Department unless the appeal is in writing and is filed with the Board within 30 days after the party appellant has received written notice of the action or within 30 days after notice of the action has been published in the *Pennsylvania Bulletin* unless a different time is provided by statute, and is perfected in subsection (b).

gent and the appeal was filed promptly after the error was recognized, a *nunc pro tunc* appeal should be granted. However, the exception stated in *Bass* is limited to unique and compelling factual circumstances presented to the court. *Guat Gnoh Ho.*

In the case at hand, DER received a joint notice of appeal from Petitioners on October 28, 1988. However, the Borough Solicitor's secretary did not send the appeal notice to the EHB at the same time that the notice was sent to DER. Petitioner's failure to mail the original notice of appeal to the EHB was not realized until after the appeal period had lapsed. Petitioners contend that the failure to make a timely appeal should be excused because the secretary suffered from emotional and mental distress which was caused by martial and domestic problems and an upcoming change in jobs. Petitioners contend that mental distress can be as debilitating as any other illness.

It is clear that Petitioners have not presented a unique and compelling factual circumstance for which an appeal *nunc pro tunc* may be granted. Although the secretary mailed the appeal papers to all other interested parties, she just forgot to mail them to the EHB. Petitioners' argument is not that the secretary was unable to mail the notice, but that emotional distress is an excuse for the negligent performance of her duties. The EHB did not err in rejecting this argument.

■ Petitioners next argue that they should be granted an appeal because they alleged substantial constitutional issues which obviate the need to exhaust administrative remedies. Petitioners cite our opinion in *Philadelphia Electric Company v. Department of Environmental Resources*, 108 Pa.Commonwealth Ct. 7, 529 A.2d 1137 (1987).[2] However, the appeal in that case was timely, albeit to this court rather than to the Board. Consequently, a right to

**2.** Contrary to Petitioners' contentions, our decision in *Philadelphia Electric* was vacated for failure to exhaust administrative remedies. *Philadelphia Electric Company v. Department of Environmental Resources*, 517 Pa. 342, 537 A.2d 327 (1987).

appeal *nunc pro tunc* was not involved. We conclude that *Philadelphia Electric* is inapplicable.

■ Petitioners' final argument is that the appeal of a water permit is governed by 32 P.S. § 640. That section provides:

> Any party or applicant who may be directly or adversely affected by any decision or finding of the board under any of the provisions of this act, shall be entitled, upon application, to be heard in person or by counsel in a public hearing, on reasonable notice, before the board or its duly designated agent. All members of the board and its duly designated agents shall have power to administer oaths to any witness appearing for any party in interest in said hearings. All testimony and argument shall be recorded and transcribed and shall be read and considered by the board before it shall make its decision.

Petitioners contend that because there is no time limit in that section, no time limit applies to this appeal.

Initially we note that the "board" referred to in 32 P.S. § 640, refers to the Water and Power Resources Board (Board). *See* Section 1 of the Act of June 24, 1939, P.L. 842, 32 P.S. § 631. The powers and duties of the Board have been transferred to DER. *See* Section 1901–A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. § 510–1(1). However, the power to hold hearings and issue adjudications which had been vested in the Board has been vested in the EHB. *See* Section 1921–A of The Administrative Code of 1929, added by Act of December 3, 1970, P.L. 834, *formerly* 71. P.S. § 510–21.[3] The separation of the responsibilities of the Board has created an ambiguity with respect to when and in front of whom a permittee would be entitled to a hearing under 32

3. Section 1921–A was repealed by Section 8(a) of the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530. 71 P.S. § 510–21 has been repealed. A similar provision is now found in Section 4 of the Environmental Hearing Board Act, 35 P.S. § 7514.

P.S. § 640. However, this question is academic to the result in this case.

Although the provisions of Sections 1–10 of the Act of June 24, 1939, P.L. 842, *as amended,* 32 P.S. §§ 631–640, set forth the process for obtaining a water permit, they do not provide a time period to appeal therefrom. Consequently, the timeliness of an appeal of a water permit is governed by 25 Pa.Code § 21.52(a). Because Petitioners conceded that they have not met the time limit set forth in the Code, and they have not established a right to an appeal *nunc pro tunc,* the appeal was correctly denied by the EHB.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, February 12, 1990 the order of the Environmental Hearing Board in the above-captioned matter is affirmed.