595 A.2d 702

**WEST CALN TOWNSHIP, Petitioner,**

**v.**

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 1991.

Decided July 15, 1991.

---

William R. Keen, Jr., Coatesville, for petitioner.

No appearance for respondent.

John A. Koury, Jr., with him, Henry T. Zale, Pottstown, for intervenor.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

West Caln Township (Township) appeals from an order of the Environmental Hearing Board (EHB), which denied the Township's Petition For Appeal *Nunc Pro Tunc* from the Department of Environmental Resources' (DER) approval of a revision to the Township's Official Sewage Facilities Plan pertaining to the Spring Run Estates Mobile Home Park.

On February 21, 1990, the DER sent the Township a letter, informing the Township that the DER had approved a revision to the Township's Official Sewage Facilities Plan to permit the development of the Spring Run Estates Mobile Home Park project. Sometime after receipt of the approval letter, the Township's Solicitor had a telephone conversation with the EHB regarding the forms and procedures needed to file an appeal with the EHB from the DER's decision, and requested that the EHB send the Township the appropriate forms.

Upon receipt of the appeal forms, the Township's Solicitor completed the forms and, on March 20, 1990, mailed the Notice of Appeal to the DER's Office of Chief Counsel, Bureau of Litigation, in Harrisburg. The Township Solicitor never filed the Notice of Appeal with the EHB. After several months had passed without receiving notice from the EHB regarding a hearing date on the appeal, the Township contacted the EHB and learned that the Notice of Appeal had not been filed with the EHB. The Township then filed a Petition for Appeal *Nunc Pro Tunc* on August 1, 1990, with the EHB, alleging that the Township did not file its appeal with the EHB because someone at the EHB had led the Township's Solicitor to believe that arrangements for the appeal were to be made through the DER's Office of Chief Counsel, Bureau of Litigation, and the appeal was filed directly with them.

Theodore L. Levan, Albert S. Levan and David A. Levan, (Intervenors) the owners and developers of the Spring Run Estates Mobile Home Park, filed an Answer and New Matter opposing the Petition on August 13, 1990, denying the Township's allegations and arguing that the Notice of Appeal form completed by the Township specified that the appeal was to be filed with the EHB within thirty days after receipt of notice of the action by the DER. On October 12, 1990, the EHB issued an opinion and order, denying the Township's appeal, because the Township had not alleged good cause for its failure to file the Notice of Appeal with the EHB within the allotted time. The Township then filed an appeal from the EHB's order.

The issue now before us is whether the EHB erred in determining that the Township did not have sufficient good cause to allow its appeal *nunc pro tunc* because the Township did not file its appeal with the EHB within the required thirty days, but instead, mailed the appeal to the DER.

Pursuant to 25 Pa.Code § 21.53(a), an appeal *nunc pro tunc* may be permitted for good cause shown. "Good cause shown" has been interpreted by this court to include delays in filing caused by fraud or breakdown in the operation of the agency through a default of its officers.[1] *Borough of Bellefonte v. Department of Environmental Resources,* 131 Pa. Commonwealth Ct. 312, 570 A.2d 129 (1990), *petition for allowance of appeal denied,* 525 Pa. 620, 577 A.2d

---

[1] Untimely filings of appeals have also been excused when the untimeliness is not the result of the negligent applicant. *See Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (sudden illness of lawyer's secretary in charge of appeal filings); *Walker v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 116, 461 A.2d 346 (1983) (appellant did not become aware of adverse determination of unemployment compensation authorities until appeal period had expired as a result of failure of post office to forward notice of action to him); *Perry v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car resulted in delay in filing); and *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 71 Pa.Commonwealth Ct. 566, 455 A.2d 299 (1983) (sudden hospitalization of counsel).

891 (1990). In this case, the Township contends that its delay in filing the appeal was the result of incorrect information given to the Township's Solicitor by the EHB regarding the appeal which amounted to a breakdown in the EHB's operation. Specifically, the Township argues that the Solicitor was incorrectly told that appeals were to be made through the DER's Office of Chief Counsel, Bureau of Litigation, and that office, which controlled the setting up of the appropriate hearing, would handle all of the details.

However, the Township alleged in its appeal *nunc pro tunc* that the delay in filing was due to the fact that its Solicitor had been given information by the EHB *which led him to believe* that he was to send the appeal to the DER which would then forward the appeal to the EHB. Because the Township did not allege that the EHB had given the Solicitor incorrect information, but only that the Solicitor misinterpreted the information provided by the EHB, that allegation was not sufficient to show good cause. Further, any misinterpretation by the Solicitor should have been obviated by the Notice of Appeal form which was sent by the EHB to the Township following their conversation and provided instructions to the contrary. The Notice of Appeal form stated the following in bold black letters:

THIS FORM AND THE CERTIFICATION OF SERVICE MUST BE RECEIVED BY THE ENVIRONMENTAL HEARING BOARD WITHIN 30 DAYS AFTER YOUR RECEIPT OF NOTICE OF THE ACTION OF THE DEPARTMENT OF ENVIRONMENTAL RESOURCES THAT YOU ARE APPEALING. MAIL OR HAND–DELIVER YOUR APPEAL AND CERTIFICATION OF SERVICE TO:

ENVIRONMENTAL HEARING BOARD
Suites Three–Five
101 South Second Street
Harrisburg, PA 17101

Previously, in a similar situation in *C & K Coal Company v. Department of Environmental Resources*, 112

Pa.Commonwealth Ct. 505, 535 A.2d 745 (1988), *petition for allowance of appeal denied,* 519 Pa. 655, 546 A.2d 60 (1988), this court found that even though there was an alleged oral conversation between the DER and the coal company regarding the fact that a compliance order issued to the coal company would be suspended pending submission of a hydrological study, the compliance order specifically contained a notice provision to alert the coal company regarding the right to appeal to the EHB within thirty days of receipt of the written notice of the DER's actions. Consequently, we held that the coal company was precluded from filing an appeal *nunc pro tunc* with the EHB even though there was an obvious inconsistency between the DER's oral statement and the written appeal notice provision, because the coal company failed to file an appeal within the required thirty days and had not proven fraud or a breakdown in the EHB's operations.

Similarly, in this case, the Notice of Appeal form provided specific instructions as to how an appeal should be taken which were contrary to those instructions which the Township Solicitor received during his phone call with the EHB. When the Township received the specific written instructions regarding the manner in which to appeal, those instructions should have disabused any contrary impression the Township may have had.[2] Regardless of whether the Township actually received incorrect information during the phone call or merely misinterpreted the information it received, the Township was subsequently given the correct information in writing. Thus, based on the holding in *C & K Coal Company,* we are required to find that the subse-

---

**2.** Additionally, the Pennsylvania Code provides guidance regarding an appeal from a decision of the DER. 25 Pa.Code § 21.51(a) provides that an appeal from an action of the DER shall commence with the filing of a written notice of appeal with the Board, and 25 Pa.Code § 21.51(b) through (e) provides the form of the appeal. 25 Pa.Code § 21.52(a) also provides in pertinent part that jurisdiction of the Board will not attach to an appeal from an action of the Department unless the appeal is in writing and is filed with the Board within thirty days after the party appellant has received written notice of the action.

quent written instructions superceded the prior oral instructions which were given. Consequently, we find that there was no breakdown in the EHB's operation and the Township has not shown good cause which would permit their appeal *nunc pro tunc.*

In the alternative, the Township argues that its *nunc pro tunc* appeal should be permitted because copies of the appeal were served upon all parties within the appeal period, and the failure of the Township to file the notice of appeal with the EHB within the appeal period was not prejudicial. In support of this argument, the Township directs our attention to Pa.R.C.P. No. 126 which provides for the liberal construction of the rules and allows this court to disregard any error which does not affect the substantial rights of the parties.[3]

However, in *Rostosky v. Department of Environmental Resources,* 26 Pa.Commonwealth Ct. 478, 364 A.2d 761 (1976), we addressed this identical issue and argument and held that a party who had failed to file an appeal from a decision of the DER within the appeal period could not be allowed a *nunc pro tunc* appeal to the EHB on the theory that the DER had been sent the original appeal, and, therefore, had suffered no substantial prejudice. Citing *City of Pittsburgh v. Pennsylvania Public Utility Commission,* 3 Pa.Commonwealth Ct. 546, 552, 284 A.2d 808, 811 (1971), this court stated:

"[A]ppellants contend that we should allow their appeals in the interest of justice. This argument assumes incorrectly that we have discretion in the matter. Failure to perfect an appeal within the time allowed by statute is a defect in the proceeding of which the appellate court must take notice, even on its own motion. We have no

3. Pa.R.C.P. No. 126 provides the following:
   The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

power to extend the time limit for filing an appeal." Consequently, the Township's argument is without merit.[4] Accordingly, the decision of the EHB is affirmed.

## ORDER

AND NOW, this 15th day of July, 1991, the order of the Environmental Hearing Board, dated October 12, 1990, is affirmed.

---

4. The Township also contends that Pa. R.C.P. No. 126, as well as Pa. R.C.P. No. 213(f), provide for the transfer of an erroneously filed matter to a rightful court, and that the EHB is a rightful court. However, pursuant to Section 3(a) of the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530, 35 P.S. § 7513(a), the EHB is established as an independent quasi-judicial agency, and as such, is not a rightful court as envisioned by Pa. R.C.P. No. 213(f).