# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott and Gwendolyn Corsnitz,      :
                 Petitioners    :
                              :
        v.                  :    No. 450 C.D. 2018
                              :    Argued: December 11, 2018
Department of Environmental      :
Protection,                        :
                Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                 **FILED: January 4, 2019**

Before this Court is a petition for review filed by Scott and Gwendolyn Corsnitz (collectively, the Corsnitzes) from an order of the Environmental Hearing Board (Board). The Board dismissed the Corsnitzes' appeal from an administrative order of the Department of Environmental Protection (Department) requiring the Corsnitzes to develop and implement erosion control and wetland restoration plans after they graded and filled wetland areas of their farm near Halifax, Dauphin County (the Site) without the Department's permission.

The Corsnitzes filed their petition for review 33 days after the Board issued its order. On discerning a potential timeliness issue, this Court directed the parties to address the timeliness of the petition for review in their principal briefs. Upon review, we quash the appeal as untimely.

# I. Background

The Corsnitzes purchased the Site in 2012. At some point thereafter, they began grubbing, grading, and filling parts of the land (Fill Activities), including a former mill race, ostensibly in preparation for growing crops. After receiving an anonymous complaint about the Fill Activities taking place at the Site, the Department began an investigation of possible wetlands at the Site.

The Department repeatedly advised the Corsnitzes that they should stop all the Fill Activities until the Department concluded its investigation and determined whether wetlands were present. The Corsnitzes refused to stop the Fill Activities.

Following its investigation, the Department concluded the Corsnitzes were disturbing wetlands without a permit. The Department attempted to reach an amicable resolution with the Corsnitzes, but they refused to comply with the Department's requests concerning removal of some of the fill placed into the wetlands. Therefore, the Department issued an order requiring the Corsnitzes to take specified corrective measures, including submission of a plan to control erosion and development and implementation of a plan to restore the wetland areas at the Site.

The Corsnitzes appealed the Department's determination to the Board. After a hearing, the Board upheld the Department's decision.

The Board issued its order on February 23, 2018. The Corsnitzes filed their petition for review on March 28, 2018, 33 days after issuance of the Board's order. Thus, the petition for review was facially untimely.

2

## II. Issues

In their principal brief, the Corsnitzes contend their petition for review was timely because, although they filed it 33 days after the Board's order, they were entitled to a three-day extension under Pa. R.A.P. 121(e) and our Supreme Court's order governing electronic filing. In the alternative, they allege they misunderstood the apparent three-day extension of the filing deadline. The Cornitzes argue their unilateral misunderstanding constituted a breakdown in the judicial process justifying allowance of an appeal <u>nunc</u> <u>pro</u> <u>tunc</u>, or "now for then." <u>Lester v. Dep't of Envtl. Prot.</u>, 153 A.3d 445, 453 n.5 (Pa. Cmwlth. 2017). In their reply brief, they also assert their delay in filing was not their fault because it resulted from their former counsel's alleged failure to inform them of the Board's order.

The Board counters that the three-day extension does not apply to petitions for review and that counsel's alleged failure to notify his clients of the Board's decision does not support allowing a petition for review filed out of time.

## III. Discussion
## A. Three-Day Filing Extension

A party seeking review by this Court of an agency order must file a petition for review within 30 days of the order's entry. Pa. R.A.P. 1512(a)(1). This Court may not extend the appeal period as a matter of grace or indulgence; untimeliness of an appeal deprives this Court of jurisdiction. <u>C & K Coal Co. v. Dep't of Envtl. Res.</u>, 535 A.2d 745 (Pa. Cmwlth. 1988).

Here, the Corsnitzes argue they were entitled to a three-day extension of the filing deadline under our Supreme Court's order dated January 6, 2014,

relating to electronic filing (Electronic Filing Order).  This argument is without merit.

The Electronic Filing Order provides:

> A party who is electronically served as a result of the submission of an electronic filing and who is required or permitted to act within a prescribed period <u>after service</u> shall have three days added to the prescribed period <u>to the same extent as parties who proceed pursuant to Pa. R.A.P. 121(e).</u>

<u>In re: Elec. Filing Sys. in the Appellate Courts</u> (Pa. Admin. Docket, Order No. 418, filed January 6, 2014)[1] (emphasis added).

Contrary to the Corsnitzes' assertion, the Electronic Filing Order did not provide them an extension of time to file their petition for review.  By its terms, the Electronic Filing Order applies only where an act is required or permitted within a prescribed period after <u>service</u> of an electronic filing.  A petition for review is due within 30 days after <u>issuance</u> – not after service – of the order to be reviewed. Therefore, the filing deadline for a petition for review is not within the purview of the Electronic Filing Order.

Rule 121(e) of the Rules of Appellate Procedure, referenced in the Electronic Filing Order, is likewise inapplicable.  Rule 121(e) provides:

---

[1] The Electronic Filing Order may be accessed for review and reference online at http://ujsportal.pacourts.us/refdocuments/judicialorder.pdf (last visited Dec. 12, 2018).

Whenever a party is required or permitted to do an act within a prescribed period <u>after service</u> of a paper upon that party <u>(other than an order of a court or other government unit)</u> and the paper is served by United States mail or by commercial carrier, three days shall be added to the prescribed period.

Pa. R.A.P. 121(e) (emphasis added). Like the Electronic Filing Order, Rule 121(e) applies only to deadlines calculated after <u>service</u> of a paper. Moreover, Rule 121(e) expressly excludes orders of government units from the extension of time. Thus, the rule does not apply to a petition for review. <u>See</u> <u>also</u> <u>id.</u>, *Note, Subdivision (e)* (Rule 121(e) "does not apply to the filing of … a petition for review …."").

## B. Breakdown in Judicial Process

The Corsnitzes further argue that even if they were not entitled to a three-day extension of time to file their petition for review, their belief that the rule applied should be viewed as a breakdown in the judicial process, entitling them to pursue their petition for review <u>nunc</u> <u>pro</u> <u>tunc</u>. This argument lacks merit.

The Corsnitzes' misreading of the plain language of our Supreme Court's order and Rule 121(e) does not constitute a breakdown in the judicial process. <u>See</u> <u>W. Caln Twp. v. Dep't of Envtl. Res.</u>, 595 A.2d 702 (Pa. Cmwlth. 1991). Moreover, the Corsnitzes' argument itself demonstrates that they did not delay filing their petition for review in reliance on their purported belief of a three-day extension. They assert they did not learn of the Board's order until 33 days after it was issued, and they filed their petition for review that same day. Thus, their alleged misunderstanding of the filing deadline is irrelevant.

## C. Corsnitzes' Alleged Lack of Fault

In their reply brief, the Corsnitzes contend they should be permitted to pursue their untimely petition for review <u>nunc</u> <u>pro</u> <u>tunc</u> because they were unaware of the Board's order through no fault of their own.  This argument is also without merit.  The Corsnitzes waived this argument by asserting it for the first time in their reply brief.[2]  <u>Greco v. Dep't of Labor & Indus.</u>, 176 A.3d 1086 (Pa. Cmwlth. 2018) (reply brief cannot be a vehicle to argue issues not developed in principal brief); <u>Karkalas v. Dep't of State</u>, 71 A.3d 395 (Pa. Cmwlth. 2013).

In addition, their former counsel's alleged failure to inform them of the Board's order cannot support this Court's consideration of their untimely petition for review.  <u>SPS Techs. v. Workers' Comp. Appeal Bd. (Marko)</u>, 907 A.2d 49 (Pa. Cmwlth. 2006) (negligence of counsel resulting in untimely appeal does not entitle party to appeal <u>nunc</u> <u>pro</u> <u>tunc</u>).

## IV. Conclusion

The Corsnitzes do not dispute that they filed their petition for review three days late.  They have not pointed to any applicable extension of the filing deadline, nor have they provided justification for this Court to accept the untimely petition for review <u>nunc</u> <u>pro</u> <u>tunc</u>.  Accordingly, we quash their appeal as untimely.

ROBERT SIMPSON, Judge

---

[2] At oral argument, counsel for the Corsnitzes contended the issue was raised at page 15 of their principal brief.  Although the alleged negligence of their prior counsel was mentioned in the principal brief, it was in the context of their argument concerning the three-day extension.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott and Gwendolyn Corsnitz, : 
               Petitioners : 
                  : 
        v. :   No. 450 C.D. 2018
                  : 
Department of Environmental : 
Protection, : 
             Respondent : 

## **O R D E R**

**AND NOW**, this 4th day of January, 2019, the petition for review is **QUASHED** as untimely.

 

 

_____
ROBERT SIMPSON, Judge